UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

KENNETH GLASSMAN-BLANCO,

                              Plaintiff,

      -against-

DELTA AIRLINES, INC.,

                              Defendant.

**ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION**

13-cv-4287 (KAM)(SMG)

----------------------------------------X

**MATSUMOTO, United States District Judge:**

      Plaintiff Kenneth Glassman-Blanco ("plaintiff") initially commenced this action against Delta Airlines, Inc. ("defendant" or "Delta") on March 7, 2013 in the Supreme Court of the State of New York, Kings County. (ECF No. 1 at 21.) Defendant timely and properly filed a notice of removal on July 30, 2013 pursuant to 28 U.S.C. § 1441. (*See* ECF No. 1.) Plaintiff asserts claims of negligence, assault, battery, false arrest, false imprisonment, and violation of his civil rights in connection with plaintiff's flight from Tel Aviv, Israel to New York City, United States on December 23, 2012. (*Id.*)

      After the conclusion of discovery, defendant moved for summary judgment dismissing plaintiff's complaint as a matter of law pursuant to Federal Rule of Civil Procedure 56. (ECF No. 43.) On October 8, 2015, the court referred the motion for summary judgment to Magistrate Judge Steven M. Gold for a Report

and Recommendation ("R&R").  (*See* Order Referring Mot., Oct. 8, 2015.)  On February 3, 2016, Judge Gold issued an R&R recommending that the court grant defendant's motion for summary judgment without prejudice to plaintiff's right to renew his motion for leave to amend to assert a claim under the Montreal Convention based upon plaintiff's allegation that he was punched by one of the Delta pilots.  (R&R dated Feb. 3, 2016, ECF No. 45.)

The R&R notified the parties that any objections must be filed within fourteen days of receipt of the R&R.  (R&R at 12.)  On February 22, 2016, Delta filed an objection to Judge Gold's recommendation that the court should grant plaintiff leave to amend.[1]  (Mem. of Law in Support of Def.'s Objections ("Def.'s Objs.") ECF No. 46-2.)  Plaintiff has not filed any objections to the R&R.

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ."  28 U.S.C. § 636(b)(1)(C).  Where no objections to the Report and

---

[1] The court also notes that defendant filed a letter dated March 14, 2016 indicating that defendant sent courtesy copies of its objections to the address for plaintiff's counsel listed on the docket, but the mail was returned twice by the United States Postal Service.  (ECF No. 47.)  Defendant also indicated that plaintiff's counsel's telephone number is no longer active and emails to plaintiff's counsel have gone unanswered.

Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The court has conducted a *de novo* review of Judge Gold's entire Report and Recommendation.

The court first notes that plaintiff failed to file a statement pursuant to Local Civil Rule 56.1(b) in opposing defendant's motion for summary judgment.[2] Pursuant to Rule 56.1, the "papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph" in defendant's 56.1 statement with citation to admissible evidence. Local Civil Rule 56.1 of the United States district Courts for the Southern and Eastern Districts of New York. Accordingly, upon independent review of defendant's 56.1 statement, the court finds that defendant's statement of undisputed material facts is adequately supported by admissible evidence, including by not limited to, certification by Delta crew members under penalties of perjury, a certified transcript of and a recording made by plaintiff during his altercation with the members of Delta Flight No. DL 296 on December 23, 2012, the

---

[2] Here, the court specifically reminded the parties in its Minute Entry following the pre motion conference dated November 21, 2014 of the need to follow Local Rule 56.1.

3

Joint Deposition Transcript Appendix containing excerpts from plaintiff's sworn deposition testimony on August 14, 2014, plaintiff's supplemental responses to defendant's interrogatories, and Delta business records. Consequently, the court deems admitted the facts set forth in defendant's 56.1 statement. *See Nolen v. Goord*, 218 F. App'x 41, 43 (2d Cir. 2007) (noting that plaintiff did not file a responding statement of disputed material facts pursuant to Local Rule 56.1 and thus defendants' denials "may be deemed admitted").

Second, the court adopts Judge Gold's recommendation that plaintiff's claims are preempted by the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45 (2000), 2242 U.N.T.S. 309 ("Montreal Convention"). As the R&R cogently explains, the Montreal Convention, which replaced the Warsaw Convention, seeks "to achieve uniformity of rules governing claims arising from international air transportation." The five common law tort claims and the claim alleging a civil rights violation pursuant to 42 U.S.C. § 1983 are each preempted by the Montreal Convention. (R&R at 5-6) (quoting *King v. Am. Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002)).

The R&R then considered plaintiff's March 2015 request for leave to amend his complaint to allege that his injuries

4

were caused by actions covered by the Montreal Convention. (R&R at 6-12.) In considering whether to grant leave to amend, Judge Gold recommended applying the following rule: "[a] proposed amendment is futile if the new pleading could not withstand a motion to dismiss for failure to state a claim or for lack of subject matter jurisdiction." (*Id*. at 7) (citations omitted.) The R&R then applied the rule and considered the three discrete alleged events that are arguably "accidents" that may be covered by the Montreal Convention: plaintiff (1) being falsely accused of smoking and threatened with arrest by two flight attendants; (2) being punched by the pilot; and (3) sustaining an ankle injury while being escorted from the plane by federal air marshals. The R&R recommended that the court deny leave to amend with respect to (1) the accusation that plaintiff was smoking and (3) the ankle injury, but recommended that plaintiff should be granted leave to amend with respect to (2) the alleged punching.

Defendant objects generally to plaintiff's tardy letter dated May 10, 2015 and filed March 10, 2015, stating that he wished to amend his complaint to add claims under the Montreal Convention after defendant served its motion for summary judgment. Defendant contends that plaintiff has been on notice since July 30, 2013 when this action was removed to

5

federal court that the Montreal Convention pre-empted plaintiff's state law claims. (Notice of Removal ¶ 11, ECF No. 1.) Defendant specifically objects to Judge Gold's recommendation that the court grant leave to amend plaintiff's claim with respect to (2) the alleged punching. (Def.'s Objs. at 3.) Defendant asserts that Judge Gold improperly applied the motion to dismiss standard to plaintiff's request for leave to amend and should have evaluated plaintiff's proposed amended claims according to the summary judgment standard. (*Id.* at 4-6.)

Upon *de novo* review, the court finds that even if plaintiff had timely requested a pre-motion conference to amend his complaint, the summary judgment standard applies to plaintiff's request to amend. The Second Circuit has held that where "the cross-motion [for leave to file an amended complaint] is made in response to a Fed. R. Civ. P. 56 motion for summary judgment, and the parties have fully briefed the issue whether the proposed amended complaint could raise a genuine issue of fact and have presented all relevant evidence in support of their positions," "the court may deny the amendment as futile when the evidence in support of the plaintiff's proposed new claim creates no triable issue of fact and the defendant would be entitled to judgment as a matter of law under Fed. R. Civ. P. 56(c)." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d

Cir. 2001).

Here, plaintiff was served with defendant's motion for summary judgment, memorandum of law in support of defendant's motion, defendant's rule 56.1 statement, the joint deposition transcript index, and the Martinez Affirmation with accompanying exhibits on January 16, 2015, pursuant to the court's scheduling order. (ECF No. 43-1.) Defendant's memorandum of law argued extensively that plaintiff's claims are not recoverable under the Montreal Convention. (ECF No. 43-21, at 14-23.) The court ordered that plaintiff oppose defendant's motion no later than February 16, 2015. (Minute Entry dated 11/21/14.) Plaintiff, nine days past the deadline for opposing defendant's motion, on February 25, 2015, filed a request for an extension of time to oppose the motion in light of plaintiff's counsel's health problems. (ECF No. 38.) The court granted the belated request for an extension and ordered plaintiff to serve his opposition no later than March 11, 2015. (Order dated 3/5/15.) Plaintiff filed a letter on March 10, 2015 stating his desire to amend his complaint to allege "that this case falls within the Montreal convention and that his injuries were proximately caused by an accident within the meaning of the convention; and that plaintiffs [*sic*] claim is not precluded by the Tokyo convention." (ECF No. 40.) Two days later, and one day after

the deadline for plaintiff to serve his opposition, plaintiff supplemented his request to amend with arguments that plaintiff's claims are viable under the Montreal Convention in a Memorandum of Law filed on March 12, 2015. (ECF No. 41.) Consequently, the court has been presented with all relevant evidence in support of the parties' positions on the issue of whether plaintiff's proposed amendments alleging claims under the Montreal Convention are futile, and the court considers whether amendment is futile pursuant to the summary judgment standard.

Applying the summary judgment standard, the court denies leave to amend with respect to each of the incidents that may arguably be considered "accidents" under the Montreal Convention. Plaintiff's claim that he was embarrassed and humiliated when Delta employees falsely accused him of smoking prior to any alleged physical contact by any defendant employee fails as a matter of law, because mental injuries alone that are not caused by physical injury are not cognizable under the Montreal Convention. (R&R at 8-9.) Plaintiff's claim resulting from his ankle injury also fails as a matter of law, because there is no genuine dispute of material fact that plaintiff's ankle injury arose due to his own carelessness when walking down the aisle to exit the aircraft after it landed. (Dep. Tr. J.A.,

the deadline for plaintiff to serve his opposition, plaintiff supplemented his request to amend with arguments that plaintiff's claims are viable under the Montreal Convention in a Memorandum of Law filed on March 12, 2015. (ECF No. 41.) Consequently, the court has been presented with all relevant evidence in support of the parties' positions on the issue of whether plaintiff's proposed amendments alleging claims under the Montreal Convention are futile, and the court considers whether amendment is futile pursuant to the summary judgment standard.

Applying the summary judgment standard, the court denies leave to amend with respect to each of the incidents that may arguably be considered "accidents" under the Montreal Convention. Plaintiff's claim that he was embarrassed and humiliated when Delta employees falsely accused him of smoking prior to any alleged physical contact by any defendant employee fails as a matter of law, because mental injuries alone that are not caused by physical injury are not cognizable under the Montreal Convention. (R&R at 8-9.) Plaintiff's claim resulting from his ankle injury also fails as a matter of law, because there is no genuine dispute of material fact that plaintiff's ankle injury arose due to his own carelessness when walking down the aisle to exit the aircraft after it landed. (Dep. Tr. J.A.,

ECF No. 43, at 177; Def.'s Rule 56.1 Statement ¶¶ 63-64, ECF No. 43-2.)  In his affirmation attached to his opposition to defendant's motion for summary judgment, plaintiff affirms that he was "dragged off the plane," but as Judge Gold noted in his R&R, a party may not defeat summary judgment "simply by submitting an affidavit that contradicts the party's previous sworn testimony."  *In re Fosamax Prods. Liab. Litig.*, 707 F.3d 189, 193 (2d Cir. 2013).

Upon *de novo* review, the court also finds that plaintiff's claim that an airline pilot punched him is futile under the Montreal Convention.  The Supreme Court has held that an accident "arises only if a passenger's injury is caused by an unexpected or unusual event or happening that is external to the passenger."[3]  *Air France v. Saks*, 470 U.S. 392, 405 (1985).  The Supreme Court has further expounded that "[a]ny injury is the product of a chain of causes, and we require only that the passenger be able to prove that some link in the chain was an unusual or unexpected event external to the passenger."  *Id*. at 406.

Here, there is no genuine dispute of material fact

---

[3] Although the Supreme Court was interpreting Article 17 of the Warsaw Convention in *Saks,* the Montreal Convention contains an equivalent provision, and courts have continued to rely on cases interpreting equivalent provisions in the Warsaw Convention.  *See, e.g.*, *Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106, 111 (S.D.N.Y. 2004), *aff'd*, 194 F. App'x 5 (2d Cir. 2006).

9

that any link in the chain of causation was caused by an "unexpected or unusual event or happening that was external to the passenger."  It is undisputed that plaintiff smelled of cigarette smoke when he was aboard Delta Flight DL269 on December 23, 2012, because he had smoked approximately three packs of cigarettes at a designated smoking lounge in the Tel Aviv airport prior to boarding.  (Dep. Tr. J.A. at 48, 133-134; Aff. of Louis R. Martinez ("Martinez Aff.") Exh. E (Audio Tr.), ECF No. 43-8, at 18; *see also* Def.'s Rule 56.1 Statement ¶ 12.)  Thereafter, a flight attendant saw plaintiff exit the lavatory surrounded by a cloud of smoke, smelled cigarette smoke, and accused plaintiff of smoking in the airplane lavatory.  (Dep. Tr. J.A. at 79-80, 82-83; Def.'s Rule 56.1 Statement ¶¶ 10-13.)  After a brief argument with the flight attendant, plaintiff returned to his seat.  (Dep. Tr. J.A. at 84-85; Def.'s Rule 56.1 Statement ¶ 18.)  Plaintiff was then approached by three flight attendants at his seat about smoking in the lavatory, and a pilot who was later identified as Captain Liberko also approached plaintiff.  (*Id*. at 84-95; Martinez Aff. Exh. H ("Cert. of Capital Liberko") at ¶ 5.)  Plaintiff does not deny and points to no evidence in the record to dispute the fact that he yelled at the passengers and flight crew, including numerous insults, and acted in a disruptive and aggressive manner.

10

(Martinez Aff. Exh. D (Audio Recording), Exh. E (Audio Tr.); Ex. H (Cert. of Captain Liberko) at ¶¶ 4-5, 7-10, Exhibit 1; Exh. J (Cert. of Captain Nolfi) at ¶¶ 4-6, Exhibit 1; Exh. C (Cert. of FA Carter) at ¶¶ 4-5, Exhibit 1; Exh. B (Cert. of FA Morris) at Exhibit 1; Exh. F (SRS Report) at 3; Def.'s Rule 56.1 Statement ¶¶ 38-41.) It is undisputed that Captain Liberko touched plaintiff. (*See* Ex. H (Cert. of Captain Liberko at) ¶ 8; Def.'s Rule 56.1 Statement ¶ 47.) Captain Liberko contends that he "placed an open hand on the passenger's shoulder as a calming gesture." (*Id*.) Plaintiff, however, claims that Captain Liberko punched him in the face, neck and shoulder. (Dep. Tr. J.A. at 95-98; 197.)

Plaintiff's self-serving and inconsistent recollection, however, is not sufficient to create a genuine dispute of fact in light of Delta's documented admissible evidence. *See Deebs v. Alstom Transp., Inc.*, 346 F. App'x 654, 656 (2d Cir. 2009) ("[T]he only 'evidence' cited in plaintiffs' brief is their own self-serving testimony and [the] plaintiffs have 'made no attempt . . . to square their own speculative, and subjective, testimony with the hard evidence adduced during discovery. Such evidence is insufficient to defeat summary judgment.'") (quoting *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir. 1985)). Plaintiff's testimony that he was punched is entirely

inconsistent with the audio recording that he made of the moment when plaintiff claims Captain Liberko was punching him. (Martinez Aff. in Support of Def.'s Objs. Exh. A, ECF No. 46-1; Martinez Aff. Exh. D (Audio Recording) at 31:25-31:45.)

The transcript of the conversation, consistent with the recording is as follows:

> MR. GLASSMAN-BLANCO: (Inaudible) hands on the body. For what reason are you touching me?
> CAPTAIN LIBERKO: To calm you down.
> MR. GLASSMAN-BLANCO: I am calmed down.
> CAPTAIN LIBERKO: You're hysterical.
> MR. GLASSMAN-BLANCO: I've been treated like shit by your staff and you now.

(Martinez Aff. Exh. E (Audio Tr.) at 20.)  During this dialogue, plaintiff's voice is raised, his speech is agitated, and he sounds obviously upset, whereas Captain Liberko speaks in a soft tone with a calm and measured manner.  (Martinez Aff. Exh. D (Audio Recording) at 31:25-31:45.)  The entire dialogue lasts less than 20 seconds.  Plaintiff's deposition testimony, prior to hearing the audio recording, that Captain Liberko punched plaintiff in the face and the neck, "said don't move," and "threaten[ed]" plaintiff by "saying he's going to beat the shit out of [plaintiff in the aisle]" is impossible to square with the hard evidence adduced in discovery.  (Dep. Tr. J.A. at 96-97.)  The recording belies plaintiff's deposition testimony. Even viewing the facts in the light most favorable to the

plaintiff, no reasonable jury could have credited plaintiff's inconsistent testimony in light of the recording of the incident. *See Jeffreys v. City of New York*, 426 F.3d 549, 551 (2d Cir. 2005) (affirming district court's decision to grant defendants' summary judgment motion on the basis that plaintiff's "testimony—which was largely unsubstantiated by any other direct evidence—was so replete with inconsistencies and improbabilities that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in his complaint").

There is no genuine issue of material fact that Captain's Liberko's touching of plaintiff was not an "unexpected or unusual event or happening that was external" to plaintiff, but was caused by the plaintiff who was engaging in disruptive and aggressive behavior that caused the flight crew to be distracted from their duties, the cockpit to be in lockdown, and the Air Marshals to be located near the plaintiff and the cockpit to protect the passengers on the flight. *See, e.g., Dogbe v. Delta Air Lines, Inc.*, 969 F. Supp. 2d 261, 273-74 (E.D.N.Y. 2013) ("[P]laintiff's forcible removal as the result of his refusal to comply with Delta's order to disembark the airplane does not constitute an 'accident' under Article 17 of the Conventions."); *Ginsberg v. Am. Airlines*, No. 09 CIV 3226,

2010 WL 3958843, at *4 (S.D.N.Y. Sept. 27, 2010) (finding that because the passenger willfully disregarded the flight crew's instructions, the resulting confrontation did not constitute a happening that was *external* to the passenger). Consequently, plaintiff's claim under the Montreal Convention[4] for the alleged punching by Captain Liberko is futile, and the court denies plaintiff's request for leave to amend.

Accordingly, the court adopts in part and modifies in part the R&R. The court grants defendant's motion for summary judgment in its entirety and dismisses plaintiff's complaint with prejudice. Plaintiff's stated "wish to amend the complaint to have an allegation that this case falls within the Montreal convention" is denied as untimely and futile. The Clerk of Court is respectfully directed to enter judgment in favor of defendant and close this case.

**SO ORDERED.**

Dated:  March 25, 2016
        Brooklyn, New York

                                    ___/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge

---

[4] Defendant also argues that plaintiff's claim is futile, because any claim for pilot contact under the Montreal Convention would be precluded by the Tokyo Convention. The court does not reach this argument, because plaintiff's claim fails as a matter of law under the Montreal Convention.

14